COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-08-080-CR

 

DAVID KEITH SELBY                                                            APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 297TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








Appellant David Keith Selby pleaded guilty on
April 10, 2000, to possession of between one and four grams of cocaine, and the
trial court sentenced him to eight years=
deferred adjudication community supervision. 
On October 3, 2007, the State filed a petition to proceed to
adjudication, alleging that Selby violated certain terms and conditions of his
community supervision.  Selby pleaded Atrue@ to each
of the allegations, and the trial court adjudicated his guilt and sentenced him
to twenty-five years= confinement.  Selby now appeals.  We will affirm.

Selby=s
court-appointed appellate counsel has filed a motion to withdraw as counsel and
a brief in support of that motion.  In
the brief, counsel avers that, in his professional opinion, the appeal is
frivolous.  Counsel=s brief
and motion meet the requirements of Anders v. California by presenting a
professional evaluation of the record demonstrating why there are no arguable
grounds for relief.  386 U.S. 738, 87 S.
Ct. 1396 (1967).  We gave Selby the
opportunity to file a pro se brief, and he has filed one.[2]








Once an appellant=s
court-appointed attorney files a motion to withdraw on the ground that the
appeal is frivolous and fulfills the requirements of Anders, this court
is obligated to undertake an independent examination of the record.  See Stafford v. State, 813 S.W.2d 503,
511 (Tex. Crim. App. 1991); Mays v. State, 904 S.W.2d 920, 922B23 (Tex.
App.CFort
Worth 1995, no pet.).  Only then may we
grant counsel=s motion to withdraw.  See Penson v. Ohio, 488 U.S. 75, 82B83, 109
S. Ct. 346, 351 (1988).

We have carefully reviewed the record, counsel=s brief, and Selby=s pro se brief.  We agree with counsel that this appeal is
wholly frivolous and without merit; we find nothing in the record that might
arguably support the appeal.  See
Bledsoe v. State, 178 S.W.3d 824, 827B28 (Tex. Crim. App. 2005); see also Meza v.
State, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006).  Accordingly, we grant counsel=s motion to withdraw and
affirm the trial court=s judgment.

 

PER
CURIAM

 

PANEL:  MEIER,
J.; CAYCE, C.J.; and LIVINGSTON, J.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  May 21, 2009











[1]See Tex. R. App. P. 47.4.





[2]Selby argues in his
first, second, and third points that the trial court erred by failing to sua
sponte hold a competency hearing.  These
points are without merit.  See
McDaniel v. State, 98 S.W.3d 704, 710 (Tex. Crim. App. 2003) (stating that
a trial court must conduct a competency inquiry on whether to hold a jury trial
on defendant=s competency if evidence
of the defendant=s competency is brought
to the attention of the court from any source and the evidence raises a bona
fide doubt as to the defendant=s competency to stand trial); Sparks v. State,
No. 02-07-00285-CR, 2008 WL 4180288, at *2B3 (Tex. App.CFort Worth Sept. 11, 2008, no pet.) (mem. op.,
not designated for publication) (holding that appellant did not present
evidence to the trial court that raised a bona fide doubt that appellant was
incompetent to stand trial).  Selby
argues in his fourth, fifth, and sixth points that his appointed appellate
counsel was ineffective for failing to request a competency hearing, for
failing to arrange for expert testimony regarding his competency, and for Acoercing@ him into pleading
guilty.  These points are also without
merit.  See Salinas v. State, 163
S.W.3d 734, 740 (Tex. Crim. App. 2005) (stating that to overcome the
presumption of reasonable professional assistance, any allegation of
ineffectiveness must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness).